

## OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Mr. Sheppard:

Opinion No. 6440

Re: Is the State responsible for
the $11,725 loss by the per-
manent school fund in liqui-
dating the Tabasco Independ-
ent School District bonds?

Your letter of February 26, 1945, reads:

"The Permanent School Fund sustained the loss
of $11,725 in the liquidation of the Tabasco Inde-
pendent School District bonds.

"Question: Is the State of Texas responsible
for the loss sustained by the Permanent School Fund
in this transaction? If so, is it a proper charge
against the General Revenue Fund, or is the loss to
be taken care of by appropriation?"

Article 7, Section 4 of the State Constitution
reads:

"The lands herein set apart to the public free
school fund, shall be sold under such regulations,
at such time, and on such terms as may be prescribed
by law; and the Legislature shall not have power to
grant any relief to purchasers thereof. The Comp-
troller shall invest the proceeds of such sales,
and of those heretofore made, as may be directed by
the Board of Education herein provided for, in the
bonds of the United States, the State of Texas, or
counties in said State, or in such other securities,
and under such restrictions as may be prescribed by
law; and the State shall be responsible for all in-
vestments."

Honorable George H. Sheppard, page 2

We are not advised as to the source of the money that was invested in the Tabasco Independent School bonds. The constitutional provision above quoted makes the State responsible for the investment of all funds obtained from the sale of the public free school land. If the funds that were invested in said bonds came from such source, then the State is responsible for said investment.

In no event, however, could this loss be charged against the general revenue of the State without an appropriation specifically made by the Legislature for such purpose, and you would not be authorized to take money from the General Revenue Fund and cover this loss of the Permanent School Fund without specific appropriation and authorization to do so from the Legislature.

In view of the fact that this fund cannot be replentished except by the direct and positive appropriation by the Legislature, it may not be necessary to determine its original source.

APPROVED MAR 20 1945

ATTORNEY GENERAL OF TEXAS

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

George W. Barous
Assistant

GWB:zd

